# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| EAST FLORIDA DIVISION, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:14-02190 |
| ) | Judge Sharp |
| GENERAL BLOOD, LLC, ) | |
| ) | |
| Defendant. ) | |

## FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER

Plaintiff East Florida Division, Inc. sought and received a Default Judgment against Defendant General Blood, LLC, after which the Court held a hearing on the issue of damages. At the conclusion of the hearing during which Plaintiff's Chief Executive Officer Fred Wilson testified, the Court found that Plaintiff was entitled to $725,200 in damages, and directed Plaintiff to file proposed findings of fact and conclusions of law. That filing having been made, the Court finds and concludes as follows:

### I. Findings of Fact

1. Plaintiff and Defendant entered a contract designated as a "Purchasing Agreement – Blood Products, Services and Testing" ("the Agreement"), pursuant to which Defendant was obligated to provide a wide variety of blood products and services to Plaintiff's thirteen health care facilities.

2. On March 25, 2014, Defendant received from Plaintiff a single payment representing an annual subscription fee in the amount of $725,200.

3. Between the time of the $725,200 payment and the "implementation date" of July 1, 2014 under the Agreement, Plaintiff became concerned about Defendant's ability to fulfill its obligations.

1

More specifically, Plaintiff was concerned because Defendant: (a) failed to identify a viable provider to perform reference testing services; (b) failed to develop sources for compatible blood products for patients with complex or multiple antibodies; (c) did not have the ability and preparedness to undertake its critically important contractual responsibilities; and (d) had inexplicably alienated the only logical supplier of rare blood products.

4. Mr. Wilson wrote Defendant a letter dated April 30, 2014, setting forth his concerns and declared that Plaintiff was rescinding the Agreement as provided by Tennessee law. Plaintiff demanded the return of the $725,200 payment. Defendant never responded substantively to Mr. Wilson's concerns or returned any of the money paid by Plaintiff.

5. Defendant's response to Plaintiff's Request to Admit No. 1 in this case establishes that Defendant never provided any products in accordance with the Agreement.

6. Defendant did not appear at the damages hearing or otherwise present a defense.

## II. Conclusions of Law

1. "A party to a contract can take certain actions or make certain statements that repudiate it." UT Med. Grp., Inc. v. Vogt, 235 S.W.3d 110, 120 (Tenn. 2007). "Such a repudiation can occur when a party 'commit[s] a voluntary act which renders the party unable or apparently unable to perform the contract,' . . . or when 'the words and conduct of the contracting party ... amount to a total and unqualified refusal to perform the contract.'" Id. (citation omitted). Where, as here, "the non-breaching party elects to sue on the anticipatory breach, then his anticipatory breach cause of action, if proven, entitles the non-breaching party to a remedy for an *actual* breach of the contract, as if the anticipatory breach had occurred after the time for performance had arrived." Id. (emphasis in original).

3. Defendant breached the Agreement to provide blood products and other services, and/or repudiated the Agreement. Plaintiff is entitled to damages for that breach.

4 Based upon the testimony presented and the entire record in this case, the Court finds that Plaintiff has suffered damages in the amount of $725,200 as a result of Defendant's failure to abide by the Agreement.

5. Plaintiff has waived its entitlement to any other ancillary damages, such as prejudgment interest.

### III. Order

On the basis of the foregoing, and in accordance with Rule 58 of the Federal Rules of Civil Procedure, the Clerk of the Court shall ENTER JUDGMENT in FAVOR of Plaintiff East Florida Division, Inc. and AGAINST Defendant General Blood, LLC in the amount of $725,200.

With this ruling, Plaintiff's Motion for Entry of Judgment (Docket No. 36) and Motion for Status Conference (Docket No. 37) are DENIED AS MOOT.

It is SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE